**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**
**Eduardo J. Celaya #014747**
**Biltmore Office Plaza**
**2942 N. 24TH Street, Suite 114**
**Phoenix, Arizona 85016**
**Phone (602) 281-4547**
**Fax (602) 424-5757**
**celayalaw@gmail.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

### COURT FILE NO.: _____

| | |
|---|---|
| Thomas Widmayer,<br><br>             Plaintiff,<br><br>v.<br><br>Mercantile Adjustment Bureau, LLC,<br><br>             Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff  Thomas Widmayer is a natural person who resides in the City of Cochise, County of Cochise, State of Arizona and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Mercantile Adjustment Bureau, LLC is a collection agency operating from an address of Post Office Box 9016, Williamsville, New York 14231 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     Sometime prior to 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with RBS Card Services, account ending in 6200.

7.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

8.     On or about January 28, 2010, The Palmer Firm, P.C. sent a letter of representation to Defendant.  This letter notified Defendant that Plaintiff was represented by counsel on account ending in 6200 and instructed Defendant to cease communication with Plaintiff from that point forward.

9.     On or about May 13, 2010, Defendant contacted Plaintiff by mail in an attempt to collect the debt.

10.    The above-described collection communication made to Plaintiff by Defendant and other collection employees employed by Defendant was made in violation of the FDCPA, including but not limited to 1692d(6) and 1692c(a)(2).

11.    The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

12.    This abusive collection communication by Defendant and its employees pushed Plaintiff to consider bankruptcy as a way out of this harassing conduct.

13.    Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused unnecessary personal strain.

14.    Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

15.    The acts and omissions of Defendant and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

16.     The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17.     By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal.

18.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

22.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant as follows:

a)  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

b)  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

c)  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

Respectfully submitted this 12th day of May, 2011.

**LAW OFFICE OF EDUARDO J. CELAYA, PLLC**

_s/Eduardo J. Celaya_
Eduardo J. Celaya, Esq.
Biltmore Office Plaza
2942 N. 24TH Street, Suite 114
Phoenix, Arizona 85016
Attorney for Plaintiff